## Standen v. Business Men's Building and Loan Association.

*Husband and wife—Estate by entireties—Divorce—Death of one party—Act of May 13, 1925.*

1. Where a husband and wife, who hold property as tenants by entireties, have been divorced, they continue to hold title as tenants by entireties, unless one of them elects, under the Act of May 13, 1925, P. L. 649, to have the property sold and the proceeds divided.

2. The Act of 1925 does not operate automatically; if neither party elects to take advantage of its provisions, when one of them dies, title to the property will vest in the survivor.

Case stated. C. P. No. 5, Phila. Co., Dec. T., 1926, No. 18907.

*Belmont, Kirk & Baxter*, for plaintiff; *G. F. Douglas*, for defendant.

MARTIN, P. J., March 29, 1927.—Under the terms of the case stated Alwilda E. Standen, the plaintiff, and John T. Findley, her former husband, became seized of premises 237 North 60th Street, as tenants by entireties, being the grantees in a deed from the former owner conveying the property to them. They executed a mortgage to the Business Men's Building and Loan Association, the defendant, to secure a loan of $3600, and assigned to the association as collateral security twenty shares of the capital stock of the association, which they owned jointly.

Two children, both of whom are living, were born of the marriage.

Standen v. Business Men's Building and Loan Association.

John T. Findley and Alwilda E. Findley were divorced. She later married William J. Standen; and John T. Findley also married, and subsequently died. His former wife, Alwilda E. Standen, survived him.

The building association shares matured and became of the value of $4000. Alwilda E. Standen demanded that the proceeds be applied to the satisfaction of the mortgage, and the balance paid to her. The building association declined to apply the proceeds of the matured shares of stock, or to pay the balance as requested, and assigned as a reason for the refusal that the two surviving children of John T. Findley and Alwilda E. Findley were entitled to share in the interest of their father in the property by reason of the provisions of the Act of May 13, 1925, P. L. 649, which enacts "That whenever any husband and wife now or hereafter holding property as tenants by entireties have been divorced, either of such tenants by entireties may bring suit in the Court of Common Pleas sitting in equity of the county where the property is situate against the other to have the property sold and the proceeds divided between them." This act does not operate automatically, but supplies a right to the parties if either elects to employ its provisions.

The property was conveyed to John T. Findley and Alwilda E. Findley as tenants by entireties. The quantity or quality of the title which passed by the deed was neither increased nor diminished by the dissolution of the marriage. They continued to hold as tenants by entireties. A conveyance of the property would have required the signatures of both, and a deed executed by both would have conveyed the entire estate.

No action was instituted by either to take advantage of the privilege conferred by the Act of 1925, and upon the death of John T. Findley, Alwilda E. Standen, the survivor, became entitled to the entire estate.

It is provided by the case stated: "If the court shall be of the opinion that the right of partition under the Act of March 13, 1925, P. L. 649, is personal to the divorcees, or that the act cannot affect property rights vested prior to its enactment, then the judgment should be entered for the plaintiff in the sum of $4000, the principal sum due on said matured stock, otherwise judgment shall be entered for the defendant."

And now, to wit, March 29, 1927, the court being of opinion that the title to the property 237 North 60th Street is vested in Alwilda E. Standen, the survivor of the grantees in the deed conveying the property to her and her former husband as tenants by entireties, judgment is entered for plaintiff in the sum of $4000.